STANLEY I. LA COV, Plaintiff, *v.* SNYDER & CO., INC., et al., Defendants.

Supreme Court, Special Term, New York County, October 30, 1953.

*Edward S. Blackstone* for plaintiff.

*Julian J. Appleton* for Dorothy C. Fixler and another, defendants.

*Henry Lichtig* and *Irving Abraham* for Snyder & Co., Inc., and others, defendants.

STEUER, J. Two actions were tried together. Except as they involve separate parcels of property the facts are common to both suits. In the one case the property was located on Edward L. Grant Avenue, The Bronx, and was called the Boscobel property, as Edward L. Grant Avenue was formerly known as

Boscobel Avenue. In the other case the property was located on Webster Avenue. To avoid repetition the action involving the Grant Avenue property will be discussed.

This property was owned by 1275 Boscobel Avenue Corporation. The stockholders were the plaintiff and the defendants. They considered sale of the property and to avoid double taxation they decided to dissolve the corporation. This was done and the realty was conveyed to plaintiff pursuant to a written agreement. This agreement recites the dissolution and the conveyance to plaintiff as liquidating trustee. It gives him authority to manage the property and to sell it for not less than $200,000 and, if sold, to pay the usual brokerage and legal fees. It also provides that the net proceeds shall be distributed in named proportions, which proportions were the same as the original stockholdings. Plaintiff is an attorney; one of the stockholders is a real estate agent; another is the wife of plaintiff's partner. These people had performed functions in connection with the property for which they were paid and their relationship to the property was consequently closer than mere stockholders in the owning corporation.

The property was sold on terms agreeable to all concerned. Plaintiff prepared a closing statement in which he made provision for legal fees which he paid to himself and his partner. The brokerage was paid to the real estate agent which had been a stockholder. The fees were discussed and approved and disbursement was made. Plaintiff retained $1,000 to cover possible tax claims against the corporation. Admittedly the time for making such claims has now expired.

Plaintiff brings this action for the judicial settlement of his accounts. In the action he asks for statutory trustee's commissions. The defendants counterclaim for their share of the moneys withheld as a reserve for taxes.

There can be no dispute that the arrangements here made were for the convenience of all the parties concerned. As far as it was possible to foresee, all expenses of the contemplated transaction were provided for in writing. It was expected that plaintiff's firm would perform the legal services provided for in the agreement and that there would be no other legal charges. To allow trustee's commissions now would be to run counter to the intentions of the parties.

Plaintiff did not regard himself as a trustee at the pertinent times in this matter. Neither the deed to him nor his to the purchaser describes him as a trustee. No special bank account was opened for the handling of the funds. As to the bulk of

these this was hardly necessary as the deposit of the moneys received and disbursement to the defendants were practically simultaneous. But as to the tax reserves and the management funds between the transfer to plaintiff and the sale this was not the case. Plaintiff appears meticulous in all such matters and had he regarded himself as a trustee in a technical sense he would doubtless have conducted the trust in a more formal manner. The same observation could be made in regard to various other practices of the transaction.

The conclusion is that plaintiff is not entitled to commissions because of the nature of the transaction and the defendants are entitled to the disbursement of the funds withheld, with interest thereon from the date of service of the answers and costs.

Other issues raised are not required to be decided in view of the above.